IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STEVE ANKARLO, WARNER BIEDENHARN, WILLIAM BULANDA, ANTHONY BRUNO, ALI FARA, CURRAN HARMS, JOSEPH IGNELZI, GENE KEELER, ERNEST MYSLINSKI, MATT SPAIN, TOM SOMER, ADRIAN STAPOR, JOE STITH, JORGE VELEZ, and ROBERT WALD<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO HEIGHTS, ILLINOIS<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS**

PLAINTIFFS allege:

JURISDICTION

1. This action is brought pursuant to the Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209.

2. Jurisdiction arises under 28 U.S.C. §§1331 & 1337.

PARTIES

3. Plaintiffs are current and former law enforcement officers working for the City of Chicago Heights Police Department and serving in the rank of patrol officer.

4. Defendant, City of Chicago Heights, is an Illinois municipality, and is the Plaintiffs' employer.

STATEMENT OF CLAIM/CONTROVERSY

5. While employed as law enforcement officers by the Defendant, Plaintiffs have worked overtime as that term is used under the Fair Labor Standards Act (FLSA).

6. On and after June 7, 2017, Defendant paid the overtime hours worked by the Plaintiff at a rate of pay less than what the FLSA requires.

7. More specifically, the Defendant did not include certain types of pay (longevity, education pay, range pay, training pay, deadly force (hazardous duty) pay) that is normally paid to the Plaintiffs for non-overtime work, when it calculated Plaintiffs' overtime rate of pay.

8. The FLSA required Defendant to include the Plaintiffs' longevity, education, range, training and hazardous duty pay for all hours worked, including overtime hours.

9. Each Plaintiff was underpaid for all hours qualifying as overtime hours under the FLSA from June 7, 2017 forward, in the following respects:

    a. Plaintiffs Steven Ankarlo, William Bulanda, Joseph Ignelzi, Gene Keeler, and Robert Wald were paid at the hourly rates of $51.15, $55.08, and $56.46 for overtime hours from June 7, 2017 to present. Under the FLSA, the hourly rates should have been at least $58.81, $63.33 and $64.92, respectively;

    b. Plaintiffs Ali Fara and Curran Harms were paid at the hourly rates of $50.66, $54.56, $55.92, and $56.46 for overtime hours from June 7, 2017 to present. Under the FLSA, the hourly rates should have been at least $57.77, $62.19, $63.75 and $64.93, respectively;

    c. Plaintiffs Adrian Stapor and Jorge Velez were paid at the hourly rates of $37.19, $40.05, $52.41, $53.72 and $55.92 for overtime hours from June 7, 2017 to

present. Under the FLSA, the hourly rates should have been at least $42.41, $45.66, $59.75, $61.25 and $63.75, respectively;

        d.     Plaintiffs Warner Biedenharn, Anthony Bruno, Ernest Myslinski, Tom Somer, Matt Spain and Joe Stith were similarly underpaid for overtime hours from June 7, 2017 to present.

10.     Under the FLSA, 29 U.S.C. §216(b), the plaintiffs seek double the amount of any underpayment in wages as a penalty.

11.     As a result of the Defendant's refusal to pay the overtime due these plaintiffs, it has been necessary for them to employ an attorney to prosecute this case for them, and therefore plaintiffs seek a reasonable attorney's fee under 29 U.S.C. §216(b) for successfully prosecuting this claim.

12.     Under §216(b) of the FLSA, Plaintiffs bring this action for and in behalf of themselves "and other employees similarly situated."

13.     This proposed collective group of employees consists of (1) police officers, (2) in the rank of patrol officer, (3) employed by the Defendant, (4) from June 7, 2017 to present, (5) who were "suffered or permitted to work by Defendant," and (6) were not paid overtime wages as the rate required by the FLSA.

RELIEF REQUESTED

Plaintiffs request:

A. For the payment of all unpaid overtime wages;

B. For the payment of the statutory penalty;

C. For prejudgment and postjudgment interest as allowed by law;

D. For reasonable attorney's fees; and

E.  For Plaintiffs' costs of suit.

               Respectfully submitted,

               Plaintiffs,

             BY: /s/ Shane Voyles
               _____
               Shane Voyles  IL ARDC #6279482

Shane Voyles
Attorney at Law
840 S. Spring St., 1st Floor
Springfield, IL  62704
(217) 523-5141 xt. 202; (217) 523-7677 (fax)
svoyles@pbpa.org

             **Proof of Service**

 I hereby certify that on the 6th day of June, 2019 I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system.

               /s/ Shane Voyles
               _____

Shane M. Voyles, ARDC #6279482
Attorney at Law
840 South Spring, 1st Floor
Springfield, IL  62704
svoyles@pbpa.org
Dated:  June 6, 2019

             Page 4 of 4